# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN R. HARTMAN,

        **Plaintiff,**

vs.                                                                           Case No. 18–cv–0752–DRH

ROBERT HICKS,
SARA SNYDER,
JESSIE CANADY,
DAVA DAVIS,
MICHAEL RYAN, and
BRIAN UPCHURCH
        **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff John Hartman, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages. Plaintiff was not incarcerated at the time he filed suit, but he has been granted leave to proceed IFP. Therefore the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Not withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal
>     i.    is frivolous or malicious;

ii. fails to state a claim on which relief may be granted; or
iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff alleges that Canady and Snyder, in their capacities as parole agents, entered his residence on April 6, 2016 as part of a compliance check on Shantel Steffens, his estranged girlfriend. (Doc. 1, p. 2). Steffens stayed in the north bedroom of the residence with her son, while Plaintiff used the south bedroom. *Id*. Plaintiff refused to come out of his room when Steffens told him that Canady wanted him in the living room. *Id*. Canady then entered Plaintiff's room and threateningly placed his hand on his gun. *Id*. Plaintiff was afraid and moved to the living room. *Id*. Snyder was blocking the exit with her hand on her gun. *Id*.

Both Plaintiff and his mother repeatedly told Canady that Steffens did not stay in the south bedroom and that the agents did not have their permission to search it. (Doc. 1, p. 3). Plaintiff asked Canady why he was being detained. *Id*. Canady told Plaintiff he wasn't being detained. *Id*. Plaintiff responded that he was going to get dressed and go to work if he wasn't being detained. *Id*. Canady then reached out and touched Plaintiff, and then falsely reported to the police that Plaintiff had assaulted him. (Doc. 1, pp. 3-4). Canady then followed Plaintiff into the south bedroom and began searching it. (Doc. 1, p. 4). Plaintiff left the residence, but just then deputies Davis and Vaughn arrived. *Id*. Davis entered the residence without Plaintiff's permission, while Vaughn stayed outside with Plaintiff. *Id*.

Plaintiff alleges that Upchurch knew his subordinates conducted an illegal search, but failed to act. (Doc. 1, p. 6). Davis allegedly obtained a search warrant, despite knowing that illegally obtained items were used to justify it. (Doc. 1, pp. 5-6). Hicks conducted the illegal search. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Defendants Davis, Hicks, Canady, Snyder, and Ryan violated Plaintiff's Fourth Amendment rights to be free of unreasonable searches when they searched his home on April 6, 2016;

**Count 2 –** Defendants Snyder and Canady illegally detained Plaintiff in violation of the Fourth Amendment on April 6, 2016.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend IV. To prevail on a claim for an unlawful search or seizure under the Fourth Amendment, the standard is reasonableness, not whether the officers conducting the search had a warrant. *Soldal v. Cook County,* 506 U.S. 56, 70 (1992). The reasonableness standard is measured in light of the totality of the circumstances and determined by balancing the degree to which a challenged action intrudes on an individual's privacy and the degree to which the action promotes a legitimate government interest. *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005). Whether the Fourth Amendment has been violated is a question of fact. *Id*. at 701.

Plaintiff alleged that his home was searched as part of a compliance check on another individual, despite the fact that he and his mother told the parole agents that the parolee did not stay in Plaintiff's room. Furthermore, Plaintiff alleges that although he was told that he was not being officially detained, the defendants would not allow him to leave the premise, and threatened him when he attempted to leave. Given the fact-intensive nature of a Fourth Amendment

inquiry, the Court finds that Plaintiff has alleged enough facts to make a plausible allegation that his Constitutional rights were violated by the searches.[1]

Plaintiff's allegations regarding his detainer also survive threshold review. Plaintiff alleged that he was told he was not being detained, but the agents stood between him and the door, and drew Plaintiff's attention to their weapons repeatedly. When Plaintiff announced his intention to leave, Canady falsely accused him of assault in order to create a reason to detain him. At the pleading stages, Plaintiff has credibly alleged that the agents' actions were not reasonable, and so **Count 2** will be permitted to proceed.

However, Plaintiff includes Brian Upchurch, as the parole agent supervisor, as a defendant in this action. Plaintiff's sole allegation against Upchurch is that he failed to act to correct the unconstitutional search conducted by his subordinates. Holding a supervisor liable for the actions of their subordinates is respondeat superior liability, and it is foreclosed to a plaintiff proceeding under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Therefore Plaintiff's claims

---

[1] There is some indication that Plaintiff was arrested and charged pursuant to this incident. This may mean his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but as the availability of the defense is not readily apparent from the face of the Complaint, the Court will not address it further in this order.

against Upchurch, to the extent that they are premised on respondeat superior liability, will be dismissed with prejudice.

Finally, Plaintiff sues all Defendants, except Upchurch and Ryan, in their official and individual capacities. (Doc. 1, p. 7). Upchurch and Ryan are sued solely in their official capacities. Plaintiff's claims against Upchurch in his official capacity fail for the reasons explained above. As to the non-supervisory defendants, those individuals are not "persons" in their official capacities under § 1983 for the purposes of this suit. Plaintiff may only bring claims against individuals that were personally involved in the deprivation of which he complains. Therefore, to the extent that Plaintiff attempts to bring claims against any defendant in their official capacity, those claims must be dismissed. Plaintiff's claim against Ryan will be converted to a claim against Ryan in his individual capacity, because Plaintiff alleges that Ryan procured a search warrant based on the others' unconstitutional actions, thus making him personally involved.

The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In that case, a plaintiff need not allege any specific involvement and it is irrelevant whether the party participated in the alleged violations. *Id.* (citing *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985)). As Plaintiff has

not requested injunctive relief, it is not appropriate to sue anyone in their official capacity.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. Upchurch is **DISMISSED with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Hicks, Snyder, Canady, Davis, and Ryan:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

Judge Herndon
2018.06.11
07:29:17 -05'00'

United States District Judge