IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. HARTMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:18-CV-00752 -MAB |
| | ) |
| ROBERT HICKS, ET AL., | ) |
| | ) |
|     Defendants. | ) |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff John R. Hartman filed this *pro* se suit under 42 U.S.C. § 1983 on April 5, 2018 alleging claims against Defendants arising out of what Plaintiff claims was an illegal search of his home while he was not incarcerated (Doc. 6). Following a threshold review of his complaint pursuant 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following two counts:

> **Count 1:** Defendants Davis, Hicks, Canady, Snyder, and Ryan violated Plaintiff's Fourth Amendment rights to be free of unreasonable searches when they searched his home on April 6, 2016; and
>
> **Count 2:** Defendants Snyder and Canady illegally detained Plaintiff in violation of the Fourth Amendment on April 6, 2016

(*Id.*).

Defendants Davis and Ryan filed a motion for summary judgment on February 19, 2020, arguing that Plaintiff's claims are barred by the doctrine established in *Heck v.*

*Humphrey*, 512 U.S. 477 (1994) (Doc. 60). Plaintiff's response to the motion for summary judgment was originally due on or before March 23, 2020 (*see id*). Before Plaintiff's deadline had elapsed, Amended Administrative Order No. 261 was entered on March 21, 2020 in response to the COVID-19 pandemic. This Administrative Order automatically extended Plaintiff's deadline by 30 days. Second Amended Administrative Order No. 261 was then entered on April 1, 2020, which automatically extended Plaintiff's deadline by another 30 days (60 days in total). Plaintiff's new deadline to respond to the motion for summary judgment was May 22, 2020.

Plaintiff never filed a response to the motion for summary judgment. On June 12, 2020, the Court ordered Plaintiff to either respond to the Show Cause Order or Defendant Davis and Ryan's motion for summary judgment (Doc. 62). In this Order, Plaintiff was explicitly warned of the consequences of failing to respond to the motion for summary judgment and that the Court may dismiss this action for lack of prosecution, if he did not respond, pursuant to Federal Rule of Civil Procedure 41(b) (*see id.*). Plaintiff never responded to that Order or the motions for summary judgment. In fact, Plaintiff has not filed anything with the Court in this matter since November 2018, when he requested an extension of time to file a response to interrogatories (Doc. 26). Plaintiff did participate in a deposition on November 15, 2019 as well (Doc. 60-1). Since then, though, Plaintiff has filed nothing with the Court in this matter.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). *See also James v. McDonald's*

*Corp.,* 417 F.3d 672, 681 (7th Cir.2005) (under Rule 41(b), a "district court has the authority … to [dismiss a case] for lack of prosecution."). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *Id.* at 681. If a party fails to litigate its claims or otherwise abide by the court's orders, the court has the inherent authority to *sua sponte* dismiss the matter. *Id.; O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

In the present matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. Nevertheless, Plaintiff is obligated to comply with Court-imposed deadlines and to communicate with the Court, particularly when the Court demands that he do so. Plaintiff failed to respond to Defendants' motion for summary judgment, despite a reminder from the Court to do so. Plaintiff also failed to respond to the Court's Order to show cause despite being warned of the consequences. Accordingly, the Court views Plaintiff's non-response to Defendants' motion for summary judgment as deliberate, indicating that Plaintiff is no longer interested in pursuing his claims against Defendants Davis and Ryan. Given Plaintiff's failure to respond to Defendants' motion and the Court's Order despite explicit warnings to do so, the Court is convinced that dismissal of these Defendants is appropriate.

Consequently, Plaintiff's claims against Defendants Davis and Ryan are **DISMISSED with prejudice** pursuant to 41(b) for failure to comply with a Court Order and failure to prosecute. Defendants Davis and Ryan's motion for summary judgment (Doc. 60) is therefore **MOOT**. This matter shall proceed on Plaintiff's two claims against

Defendants Hicks, Snyder, and Canady.

    IT IS SO ORDERED.

    DATED: **August 4, 2020**

                                                           <u>s/   Mark A. Beatty</u>
                                                           **MARK A. BEATTY**
                                                           **United States Magistrate Judge**